IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

RICHARD KELLY HESLEN, SR.,      )
                                )
    Plaintiff,                  )
                                )
v.                              )    CV 108-130
                                )
AUGUSTA-RICHMOND COUNTY         )
CONSOLIDATED, DANIEL J. CRAIG,  )
District Attorney, MICHAEL C. GARRETT,)
C. SCOTT CONNELL,               )
                                )
    Defendants.                 )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, an inmate incarcerated at the Charles B. Webster Detention Center, in Augusta, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. He has paid the filing fee of $350.00 in full, and therefore, is not proceeding *in forma pauperis* ("IFP"). As Plaintiff is not proceeding IFP, his complaint (doc. no. 1) is not subject to 28 U.S.C. § 1915(e)(2)'s screening provision. Farese v. Scherer, 342 F.3d 1223, 1228 (11th Cir. 2003) ("Logically, § 1915(e) only applies to cases in which the plaintiff is proceeding IFP"). However, because Plaintiff is a prisoner seeking redress against governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. § 1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. 28 U.S.C. § 1915A; Thompson v. Hicks, No. 06-14110, 2007 WL 106785, at *2 (11th Cir. Jan. 17, 2007) *(per curiam)*. Pleadings drafted by *pro se* litigants must be liberally

construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may review Plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A.

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) Augusta-Richmond County Consolidated, (2) Daniel Craig, then-District Attorney, (3) Michael C. Garret, Plaintiff's attorney for an underlying criminal case, and (4) C. Scott Connell, Plaintiff's attorney for an underlying criminal case. (Doc. no. 1). Plaintiff alleges that Defendant Craig did not set a preliminary hearing for Plaintiff within thirty days of his arrest on March 17, 2006. (Id.). Thus, Plaintiff concludes that on or about April 17, 2006, Defendant Craig violated his due process rights by not timely setting a preliminary hearing. (Id. at 5). According to Plaintiff, Defendant Augusta-Richmond County Consolidated [Government], "under color of law is responsible for its employees' actions while in the course of their duty, i.e. Daniel F. Craig, District Attorney." (Id. at 5-6). Plaintiff also alleges various ineffective assistance of counsel claims against both of his attorneys. (Id. at 5).

## II. DISCUSSION

### A. Failure to State a Claim against District Attorney

Plaintiff's claim against Defendant Craig fails as he is entitled to immunity. "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004). "The prosecutorial function includes initiation and pursuit of criminal prosecution."

Id. The allegations against Defendant Craig, only pertain to his traditional duties as counsel for the State in Plaintiff's underlying criminal case, and therefore, he is entitled to absolute immunity. Accordingly, Plaintiff's claims against Defendant Craig should also be dismissed.[1]

### B. Failure to State a Claim Against Defense Attorneys

Similarly, Plaintiff's claim against Defendants Garret and Connell also fail. The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law.*" West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added). Traditionally, acting under color of state law "requires that the defendant in a § 1983 action have exercised power possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 49 (internal quotation marks and citation omitted). However, "[i]t is well settled . . . that an attorney, whether court-appointed or privately retained, does not qualify as a state actor for purposes of § 1983 liability." Barnette v. Ernst, Civil Case No. 407-020 (S.D. Ga. Apr. 23, 2007) (Moore, C.J.) (citing Polk County v. Dodson, 454 U.S. 312, 318 n.7 (1981) (finding a lawyer representing a client was not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983)); see also Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (holding that a private attorney who was retained to represent a criminal defendant was not acting under

---

[1]Moreover, in all criminal cases the court, not the district attorney, shall fix a date on which the defendant shall be arraigned. See O.C.G.A. § 17-7-91.

3

color of state law). Plaintiff's counsel were merely performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding and thus are not persons acting under color of state law. Therefore, Plaintiff has not stated a viable § 1983 claim against Defendants Garrett and Connell.

### C. Claims Barred by the Statute of Limitations

Plaintiff signed instant complaint on September 9, 2008, and it was filed with the Court on September 19, 2008. The alleged constitutional violation occurred on April 16, 2006, when Defendant Craig purportedly failed to set Plaintiff's preliminary hearing. Plaintiff's claims are clearly subject to dismissal under the applicable two-year statute of limitations in Georgia. See Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986).

Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. See Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996); Lavellee v. Listi, 611 F.2d 1129, 1130 (5th Cir. 1980). Under § 1983, a claim accrues when the plaintiff knows or has reason to know that he was injured, and he must be aware or should be aware who injured him. Rozar, 85 F.3d at 562. Plaintiff maintains that his preliminary hearing should have been held 30 days after his March 16, 2006 arrest, but Plaintiff did not file the instant lawsuit until September 9, 2008, over two years and four months after the event in question occurred.

As Plaintiff's claims are time-barred, he has failed to state a claim upon which relief may be granted.

### D. No Liability Under *Respondeat Superior*

To the extent that Plaintiff blames the Augusta-Richmond County Consolidated [Government] for the acts of their subordinate (Defendant Craig) regarding the purported constitutional violation, without alleging any personal involvement, his claim fails.[2] "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold a supervisory official or an employer liable, Plaintiff must demonstrate that either (1) the supervisor/employer actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor/employer and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). As noted above, Plaintiff has not alleged that the above-named Defendant actually participated in the prosecution of Plaintiff's underlying case, let alone had any involvement with setting his preliminary hearing.

Similarly, Plaintiff fails to allege a "causal connection" between the above-named Defendants and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be

---

[2]Plaintiff states "that the Augusta-Richmond County Consolidated [Government], under 'Color of Law' is responsible for its employees actions while in the course of their duty, i.e. 'Daniel F. Craig, District Attorney.'" (Doc. no. 1, pp.5-6).

5

established "when a history of widespread abuse[3] puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has proffered no allegations to suggest that the above-named Defendant knew about any widespread abuse or that it was responsible for a custom or policy which purportedly resulted in Plaintiff not receiving a timely preliminary hearing. In sum, Plaintiff has failed to state a claim upon which relief may be granted against Defendant Augusta-Richmond County Consolidated [Government].[4]

### III. CONCLUSION

As Plaintiff has failed to state any claim upon which relief can be granted, the Court

---

[3]The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

[4]It is noteworthy that Plaintiff was aware that his claims were possibly barred by the statute of limitations. In an effort to address this problem, Plaintiff filed a motion requesting the Court to accept his complaint "prior to the expiration of the statute of limitations." As Plaintiff's claims were barred by the statute of limitations, but more importantly, because Plaintiff failed to state a claim upon which relief could be granted against any Defendant, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's "Motion to Accept Civil Complaint Prior to Expiration of Statute of Limitations" (doc. no. 8) be **DENIED**.

**REPORTS** and **RECOMMENDS** that Plaintiff's "Motion to Accept Civil Complaint Prior to Expiration of Statute of Limitations" (doc. no. 8) be **DENIED**, that Plaintiff's case be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 31st day of October, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE